An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

MATTHEW S. DEMATTEIS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61451

FILED

MAR 13 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order revoking probation. Eighth Judicial District Court, Clark County; Valorie J. Vega, Judge.

On September 23, 2010, appellant was convicted, pursuant to a guilty plea, of luring children or mentally ill persons with the intent to engage in sexual conduct. The district court sentenced him to a prison term of 12 to 48 months, ordered the sentence suspended, and placed him on probation for a period not to exceed 36 months. On August 14, 2012, after conducting a hearing, the district court entered an order revoking appellant's probation and imposing the original sentence with credit for time served.

The decision to revoke probation is within the district court's broad discretion and will not be disturbed absent a clear showing of abuse. Lewis v. State, 90 Nev. 436, 438, 529 P.2d 796, 797 (1974). Evidence supporting a decision to revoke probation must be merely sufficient to reasonably satisfy the district court that the conduct of the probationer was not as good as required by the conditions of probation. Id. However, "[d]ue process requires, at a minimum, that a revocation be based upon

SUPREME COURT
OF
NEVADA

(O) 1947A

13-07623

'verified facts' so that 'the exercise of discretion will be informed by an accurate knowledge of the [probationer's] behavior.'" Anaya v. State, 96 Nev. 119, 122, 606 P.2d 156, 157 (1980) (alteration in original) (quoting Morrissey v. Brewer, 408 U.S. 471, 484 (1972)).

Appellant argues that insufficient evidence supports revocation of his probation. The district court primarily based its decision on evidence of appellant's unauthorized Internet use and alcohol consumption. Evidence was introduced at the hearing showing that appellant had posted messages on his Facebook account. His probation officer testified that he repeatedly advised appellant against accessing the Internet. Although appellant argues that he terminated his access to his Facebook account via text messaging—text messaging was permissible under his probation conditions—the evidence shows that appellant accessed his Facebook account multiple times, posting messages on that account by accessing the Internet.[1] As to the alcohol consumption allegation, a therapist at a treatment center where appellant received services testified that she learned from appellant's probation officer that appellant had consumed alcohol, which appellant denied. Appellant's probation officer did not specifically comment on the alcohol allegation during the hearing other than to state that alcohol use was a "trigger of recidivism."

Our review shows that the district court's decision is supported by the record. Although the evidence of appellant's alcohol

---

[1]Appellant's probation officer testified at the revocation hearing that appellant was granted limited access to the Internet to complete school assignments on the school campus.

consumption was slight, substantial evidence supported the allegation of unauthorized Internet use. We conclude that the evidence shows that appellant's conduct was not as good as required by the conditions of probation, and therefore the district court did not abuse its discretion by revoking appellant's probation. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.                    _____, J.
Douglas                                Saitta


cc:    Hon. Valorie J. Vega, District Judge
       Robert M. Draskovich, Chtd.
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk